IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AGNES R.[1], <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-1022-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on May 29, 2019. ECF 17. Magistrate Judge Russo recommended that the decision of the Commissioner be reversed and remanded for further proceedings.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff and Defendant both timely filed objections (ECF 19, 22). Plaintiff objects to the portion of Magistrate Judge Russo's recommendation finding that the ALJ provided specific and legitimate reasons for rejecting the opinion of Dr. Johnson, the medical expert, and also objects to the decision to remand the case for further proceedings, rather than an immediate award of benefits. Defendant objects to Judge Russo's conclusion that a remand is necessary to determine the disability onset date taking into account Plaintiff's functional and memory limitations.

The Court has reviewed both parties' objections and the Findings and Recommendation. The Court agrees with the Findings and Recommendation that the ALJ provided inadequate explanation for choosing October 1, 2016 as the disability onset date, and the ALJ did not discuss any of Plaintiffs medical or mental impairments other than her respiratory issues when landing

upon October 1, 2016 as the onset date. The ALJ did not make a finding regarding Plaintiff's credibility as to her memory issues and anxiety issues, nor did the ALJ make a finding as to whether and when those issues would have prevented Plaintiff from performing jobs that exist in the national economy. Defendant urges the Court to review the medical evidence in the record and reach its own conclusion as to when Plaintiff's memory issues and anxiety issues became so severe that Plaintiff ceased engaging in activities inconsistent with Plaintiff's claims of disability. But the Court may not affirm the opinion of the ALJ on grounds that the ALJ did not rely upon. Accordingly, the Court agrees with Judge Russo that a remand is necessary for the ALJ to consider Plaintiff's testimony regarding her memory issues and anxiety issues and when those issues prevented Plaintiff from engaging in activities.

The Court has reviewed the remainder of the objections and finds no error in the Findings and Recommendation. The Court finds that the ALJ provided specific and legitimate reasons for giving less weight to the opinion of Dr. Johnson and agrees that a remand is appropriate, rather than an award of benefits. For those portions of Magistrate Judge Russo's Findings and Recommendation to which neither party has objected, the Court has reviewed those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendation, ECF 17. The Commissioner's decision that Plaintiff was not disabled before October 1, 2016 is reversed and remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

DATED this 22nd day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge