**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **AGNES R.**[1], <br><br>    Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL**, Commissioner of Social Security, <br><br>    Defendant. | Case No. 3:18-cv-1022-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on March 18, 2020. ECF 41. Magistrate Judge Russo recommended that Plaintiff's request for supplemental fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, be granted in part. No party has filed objections.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Magistrate Judge Russo's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendation, ECF 41. Plaintiff's request for supplemental fees under EAJA (ECF 33) is granted in part. Plaintiff is awarded $970.19 in fees. If it is determined that Plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in *Astrue v.*

*Ratliff*, 560 U.S. 586 (2010), then the check for EAJA fees shall be made payable to Plaintiff's counsel, Brian Wayson and Tiffany Blackmon, based upon Plaintiff's assignment of these amounts to Plaintiff's attorney. Any check for EAJA fees shall be mailed to Plaintiff's counsel, Brian Scott Wayson, at PO Box 12028, Portland, OR 97212.

**IT IS SO ORDERED.**

DATED this 7th day of April, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge